UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose R.,                                                     No. 26-cv-93 (KMM/DLM)

    Plaintiff,

v.                                                                    **ORDER**

Bondi, et al,

    Defendants.

---

This matter is before the Court on petitioner Jose R.'s petition for a writ of habeas corpus.[1] For the reasons set forth below, the Court grants Jose's habeas petition in part as set forth below. The respondents are required to provide Jose with a bond hearing within seven days of the date of this Order.

## Background

Jose, a citizen of Ecuador, entered the United States without inspection in 2015.[2] He was not encountered at the time of his entry. He was arrested by ICE on January 8, 2026, and is being held in custody without a bond hearing. Jose alleges:

> Respondents will not provide Petitioner with a bond hearing. Respondents assert that the immigration court lacks the jurisdiction to conduct a bond redetermination under 8 U.S.C. § 1226(a), citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

---

[1] In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initial.

[2] In contrast to it usual response to habeas petitions filed on behalf of people detained in ICE custody, the government submitted a memorandum of law in this matter but no documents or affidavits related to Jose's immigration status or current detention. Therefore, the Court assumes the facts as alleged by the petitioner in his initial petition (ECF 1) are true.

Jose asserts, and the government apparently concedes, that he "has no criminal history that subjects him to mandatory custody under U.S.C. § 1226(c)." The government alleges that "Petitioner is subject to mandatory detention," citing 8 U.S.C. § 1225(b)(2).

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are living in the United States and who entered without inspection. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country, and by many courts in this district. The government does not attempt to distinguish *Belsai D.S.* from Jose's situation, but respectfully suggests that it was wrongly decided. The government points out, correctly, that other courts have ruled differently and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* Of course, these issues are complex and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Jose or others who are similarly situated, and his mandatory detention is not supported by the law. Instead, he is entitled to a bond hearing under § 1226.[3]

---

[3] Jose seeks immediate release or, in the alternative, a bond hearing. Because the Court's conclusion is that he is entitled to a bond hearing under law, it orders that relief. Under the circumstances presented in this case, the Court finds no basis to order immediate release at this time.

ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED IN PART** and **DENIED IN PART**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days.

4. **ORDERS** Respondents to file an update with the Court by noon on the eighth day demonstrating that such a hearing has taken place.

The Remainder of Petitioner's petition is **DENIED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 14, 2026                    *s/Katherine M. Menendez*
                                          Katherine M. Menendez
                                          United States District Judge